# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-4124

_____

| | | |
|---|---|---|
| Julene H. Kistler, individually and as | * | |
| Trustee for the Heirs and Next of Kin | * | |
| of Frank J. Kistler, deceased, | * | |
| | * | |
| Plaintiff - Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Minnesota. |
| | * | |
| Wal-Mart Stores, Inc., a Delaware | * | |
| corporation, | * | **[UNPUBLISHED]** |
| | * | |
| Defendant - Appellee. | * | |

_____

Submitted:  October 22, 1999

Filed:  November 15, 1999

_____

Before WOLLMAN, Chief Judge, ROSS and LOKEN, Circuit Judges.

_____

PER CURIAM.

In early 1994, after extensively evaluating a site in Kalispell, Montana, Wal-Mart Stores, Inc., decided that it would operate a new Wal-Mart store on the site but did not wish to own the premises.  A Wal-Mart "preferred developer," Charles Fain, agreed to develop the project and lease the completed store to Wal-Mart.  Fain organized a limited partnership, Jefferson Center, which entered into a lease agreement with Wal-Mart. Jefferson Center agreed to build the store to Wal-Mart's specifications and lease

the completed store to Wal-Mart. The lease agreement provided that Jefferson Center "shall supervise and direct the Work" and "be solely responsible for and have control over construction means, methods, techniques, sequences and procedures." Jefferson Center acquired the land and engaged TCI General Contractors, Inc., as general contractor. Jefferson Center financed the project with a bank loan that was, in effect, guaranteed by Wal-Mart.

On November 29, 1994, after discussing the situation with Wal-Mart, Fain set out for Kalispell to help maximize the amount of work done before winter. Fain left his home in Missouri, flying a small airplane owned by his company, Fain, Inc. After stops in Appleton and Eau Claire, Wisconsin, on business unrelated to the Kalispell project, Fain stopped in LaCrosse, Wisconsin, to pick up Frank Kistler, a TCI employee, before continuing on to Kalispell. The airplane crashed in Montana before reaching Kalispell, killing both Fain and Kistler. In this diversity action, Kistler's widow sued Wal-Mart and others for negligence. The only issue on appeal is whether the district court[1] erred in granting summary judgment in favor of Wal-Mart on plaintiff's claim that Wal-Mart is vicariously liable for Fain's alleged negligence as pilot of the airplane.

Applying Minnesota law, the district court concluded that, to recover on a theory of vicarious liability, plaintiff must prove that Fain was Wal-Mart's employee acting within the scope of his employment when the airplane crashed. The court then analyzed the summary judgment record under the five-factor test used by the Minnesota Supreme Court to distinguish an independent contractor from an employee, the most important factor being whether Wal-Mart had the right to control the means and manner of Fain's contractual performance. See Ossenfort v. Associated Milk Producers, Inc., 254 N.W.2d 672, 676 (Minn. 1977). See also Sutherland v. Barton, 570 N.W.2d 1, 6 (Minn. 1997) ("we have only been willing to apply vicarious liability to a hiring

_____

[1]The HONORABLE ANN D. MONTGOMERY, United States District Judge for the District of Minnesota.

company in this situation [a construction project] when the company retains detailed control over the specific project on which the employees are working"). Acknowledging that Wal-Mart had substantial knowledge and authority in defining Jefferson Center's development tasks, the court concluded that plaintiff had no probative evidence that Wal-Mart controlled the day-to-day activities at the construction site, or the day-to-day activities of Fain as a developer who worked on many real estate projects for Wal-Mart and others. After careful review of the record and *de novo* review of the district court's grant of summary judgment, we affirm for the reasons stated in the court's Memorandum Opinion and Order dated November 2, 1998. See 8th Cir. Rule 47B.

The judgment of the district court is affirmed. Appellant's motion to supplement the record on appeal is denied as moot.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.